## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **1.  ABBEY GOODMAN,  an individual,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No: 15-cv-00232-CVE-FHM** |
| **v.** | ) | |
| | ) | |
| **1.  ACE AMERICAN INSURANCE** | ) | *Jury Trial Demanded* |
| **COMPANY,  a foreign for profit business** | ) | |
| **corporation,** | ) | *Attorney Lien Claimed* |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

**COMES NOW**, the Plaintiff, Abbey Goodman, Plaintiff in the above-entitled action, by and through his attorneys, David R. Keesling, James Kelly and Timothy S. Kittle, of the law firm, KEESLING LAW GROUP, PLLC, and for her causes of action alleges as follows:

### JURISDICTION, VENUE, PARTIES

1.      Plaintiff's property at issue is located in Tulsa County, Oklahoma.

2.      At all times pertinent hereto, Plaintiff was insured by ACE American Insurance Company (ACE).

3.      Defendant ACE is a Pennsylvania corporation and insurance company which provides vessels with marine coverage and is authorized and licensed to do business as an insurance company in the State of Oklahoma and is doing business in Tulsa, Oklahoma.

4.      This action is a civil action in which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331(a)(1) because the citizenship of the parties is diverse and the amount in controversy is in excess of $75,000, exclusive of costs and interest.

5.      Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(a) because the claims arose in the Northern District of Oklahoma.  Additionally, the Defendant is subject to personal jurisdiction in this district.

## PLAINTIFF'S STATEMENT OF FACTS

6.      Plaintiff incorporates paragraphs 1 through 5 herein as if fully set forth verbatim.

7.      Plaintiff owns a 2002 45-foot Sonic model 45SS boat, named "Too Good" (hereinafter "Vessel") and the Vessel's trailer which she insured with the Defendant with marine insurance coverage under its Policy Number Y09177371 for the Vessel.

8.      The policy provides for marine coverage limit of $500,000 for Plaintiff's Vessel and Vessel trailer, a copy of said policy is attached to this Complaint as Exhibit "A".

9.      By issuing its marine policy to Plaintiff, Defendant promised it would act in good faith on any claims made by her under the policy.

10.     During the policy period in force between May 21, 2014 and May 21, 2015, through Plaintiff's marine policy with Defendant, Plaintiff's vessel and trailer were stolen and damaged as a result of a covered cause or loss due to theft of the Plaintiff's property.

11.      Pursuant to the insurance policy, the coverage for theft requires that the covered property is "chained and locked to a permanent, stationary object or towing vehicle."  (*See* Exhibit "A")

12.     The property was secured to a towing vehicle and subsequently was stolen from the front curb of the Plaintiff's residence at 2605 East 72nd Street, Tulsa, Oklahoma 74136, on or about December 26, 2014, and then subsequently found the next day submerged in Keystone Lake, Oklahoma, stripped of all its engines and electronics.

13.      The Plaintiff immediately contacted the Tulsa police department which

dispatched a police officer who dutifully prepared a police report of the loss and theft.  Plaintiff also timely reported the loss to the Defendant.

14.     The policy provides coverage for damage to Plaintiff's boat and trailer resulting from the theft.

15.     Despite the Plaintiff's marine policy being in full force and effect, Defendant has not made a good faith attempt to settle the loss, neglected and ignored the claim on the basis of various provisions of the Policy with astonishing retaliatory animus, relating to the: "(a) Concealment, (b) Misrepresentation or Fraud clause; (b) Dishonest, Illegal, or Intentional Acts clause; (c) Named Operator Endorsement and (d) Assistance and Cooperation clause."  (*See* Exhibit "B" – Notice of Rescission and Denial of Claim).

16.     During the course of its investigation of the loss claim, the Defendant engaged in a course of bad faith and highly unreasonable misconduct in the following regards:

(a) Defendant's investigator insinuated criminal misconduct and fraud to members of the Plaintiff's household during the course of his interviews with them;

(b) the investigator engaged in a course of criminal and tortious harassment of the Plaintiff and her household in an unwarranted and highly unreasonable invasion of privacy when the investigator conducted disturbing interviews with neighbors of the Plaintiff  inquiring as to any purported suspicious conduct on the part of the members of the Plaintiff's household; and

(c) the investigator stalked the Plaintiff's residence on multiple occasions and was once actually witnessed by the Plaintiff's husband, Chris Goodman, speeding away from the Plaintiff's residence with tires screeching and smoking making his quick getaway.

17.     Despite insuring Plaintiff's Vessel and trailer, Defendant steadfastly refused to pay for the loss and damage to Plaintiff's property because it was allegedly not covered by the

Policy leaving the Plaintiff completely exposed for the loss and the additional inflated towing and storage expenses in the amount of $8100 which continues to accrue charges as a penalty against the Plaintiff imposed by the Defendant.

18.     Plaintiff is entitled to have her claim adjusted in a prompt and reasonable manner, but Defendant never performed its duty to reasonably evaluate the loss.

19.     Defendant's actions were done in bad faith as Plaintiff had a contractual right to have Defendant provide coverage for a covered loss such as the one sustained to Plaintiff's property.

20.     Defendant unreasonably delayed the decision in denying coverage for Plaintiff's loss.

21.     Defendant unreasonably denied coverage for the loss when there was catastrophic damage to Plaintiff's property as a result of a covered loss.

### FIRST CAUSE OF ACTION
**(Breach of Contract)**

22.     Plaintiff incorporates paragraphs 1 through 21 herein as if fully set forth verbatim.

23.     Defendant, by its duly authorized employees, representatives, and/or agents, executed and delivered to Plaintiff a written policy of insurance, the relevant portions of which are attached as Exhibit "A", which provided coverage for the incident described above.

24.     The essential terms of the policy provided theft coverage for the damages and losses alleged above.  None of the limitations or exclusions listed in the police barred or limited coverage.

25.     At all times relevant, Plaintiff complied with all the necessary terms and conditions of the policy, including timely making all premium payments.

26.  The Defendant has refused to cover the Plaintiff's loss due under the policy despite

the fact that the claim is covered.

27.     The Defendant breached the policy by failing to pay all amounts due under the policy for the loss damages sustained by Plaintiff including, but not limited to, failing to abide by the implied covenant of good faith and fair dealing.

28.     As a direct and proximate consequence of Defendant's material breach of contract, Plaintiff suffered damages, including but not limited to, loss of contract benefits, loss of interest, other damages, and other consequential damages.

29.     Wherefore, Plaintiff prays for judgment as set forth below.

**SECOND CAUSE OF ACTION**
**(Bad Faith and Punitive Damages)**

30.     Plaintiff incorporates paragraphs 1 through 29 herein as if fully set forth verbatim.

31.     The insurance policy includes an implied obligation of good faith and fair dealing on the part of the Defendant.

32.     Defendant has tortiously breached the implied covenant of good faith and fair dealing.  The ways in which the Defendant breached the implied covenant include, but are not limited to:

a.     acting unreasonably in the handling of Plaintiff's claim;

b.     unreasonably refusing to cover payments under the insurance contract;

c.     failing to follow standards imposed by the law, the Insurance Code and/or the Oklahoma Department of Insurance regulations;

d.     adopting strained, deceptive, and unreasonable interpretations of that policy which were and/or inconsistent within the insurance industry;

e.     taking the position that the insurance policy does not provide coverage under the

circumstances of this claim;

      f.      placing Defendant's interests ahead of the interests of Plaintiff;

      g.      failing to properly investigate Plaintiff's claim in a reasonable manner which was free of undue influence and harassment against Plaintiff and members of her household;

      h.      misrepresenting the Plaintiff's rights under the insurance contract;

      i.      misrepresenting the terms and effect of provisions of the insurance contract;

      j.      attempting to mislead Plaintiff to prevent her from recovering all benefits due under the insurance contract;

      k.      withholding benefits due under the insurance contract at a time Defendant knew, or should have known, that Plaintiff was entitled to those benefits;

      l.      failing to abide by its promises; and,

      m.      by misleading and frustrating the reasonable expectations of Plaintiff including by providing illusory and deceptive coverage.

33.      In doing these acts, Defendant acted maliciously, fraudulently, and/or oppressively.

34.      Plaintiff is further informed and believe and thereon allege that the Defendant decided to use its economic power and might to oppress Plaintiff and subject her to cruel and unjust hardship in conscious disregard of her rights.

35.      In addition, the Defendant has refused payment of policy coverage including monies for Plaintiff's claims/damages, at a time it knew, or should have known, the Plaintiff needed the money, and would suffer hardship if she did not receive coverage for the significant damages incurred by the Plaintiff, essentially abandoning Plaintiff.

36.      Defendant knew that litigation is an expensive process and expected that Plaintiff

would not have the wherewithal, ability, and/or strength to bring suit and force Defendant to pay the money to which Plaintiff is owed.

37.     Defendant stonewalled and/or misrepresented the applicable coverages and exclusions in the hope and/or expectation that Plaintiff would be unable and/or unwilling to file suit.

38.     By doing so, Defendant would be able to retain the money which it knew was owed to Plaintiff and use it for their own benefit, including interest on it, and for other selfish purposes.

39.     Defendant further expected that should Plaintiff file suit, it would use their economic might and power to try to crush her so that she would give up rather than continue to fight against a colossal insurance conglomerate for the money due her.

40.     Defendant misrepresented the coverage and benefits available to Plaintiff as well.

41.     In taking these positions, Defendant acted maliciously, oppressively, and fraudulently towards Plaintiff.

42.     As a direct and proximate result of the acts of Defendant, Plaintiff suffered damages, including but not limited to, the loss of contract benefits, loss of interest, further damages, emotional distress, loss of time, attorney's fees and costs, and other consequential damages in a sum to be proven at the trial of this action.

43.     As a further direct and proximate result of the Defendant's wrongful conduct as alleged herein, the Plaintiff has suffered emotional and mental distress and anguish, embarrassment, mortification, humiliation, and indignity, all to her general damages in a sum to be ascertained.

44.     In acting as alleged, Defendant conduct was malicious, fraudulent, despicable,

willful, and oppressive, reckless and in conscious disregard of the rights of Plaintiff so as to justify the award of exemplary and punitive damages against Defendant.

45.     Wherefore, Plaintiff prays for judgment as set forth below.

### THIRD CAUSE OF ACTION
### (For Declaratory Relief)

46.     Plaintiff incorporates paragraphs 1 through 45 herein as if fully set forth verbatim.

47.      This is an insurance bad faith action for declaratory relief pursuant to 12 O.S. Supp. 2004 §1651.  Plaintiff seeks a judicial determination of the rights and duties of Plaintiff and Defendant with respect to an actual controversy arising under the insurance policy.

48.     Plaintiff contends and desires a judicial determination and declaration that Defendant owes Plaintiff insurance coverage under the policy.

49.     Plaintiff is informed and believes and on that basis alleges that the contentions of Defendant concerning the parties respective rights and obligations as to coverage under the policy are in conflict with Plaintiff's contentions and desires a judicial determination of the respective rights and right duties of the parties and the declaration that Plaintiff's contentions as set forth are correct.

50.     Such a declaration is necessary and proper at this time in order that all parties will be bound by the same interpretation of the insurance policy and may determine that rights and obligations among themselves so as to avoid the multiplicity of legal actions that would otherwise be necessary.

51.     By forcing Plaintiff to pursue her insurance coverage through this litigation, Defendant has obligated itself, as a matter of law, to pay attorney's fees and other expense incurred by Plaintiff in this action.

52.      These expenses are payable in addition to the limits of the policy.

53.     Plaintiff will continue to incur fees and expenses in this action and said amounts are expected to increase substantially by the time of trial.

54.     Plaintiff will amend her Complaint to set forth the total amount of such damages when ascertained.

55.      Wherefore, Plaintiff prays for judgment as set forth below.

## PUNITIVE AND EXEMPLARY DAMAGES

56.     Plaintiff incorporates paragraphs 1 through 55 herein as if fully set forth verbatim.

57.      The acts and omissions by Defendant, as set forth in the preceding paragraphs, demonstrate that Defendant was engaged in conduct evincing malice or reckless indifference to Plaintiff's federally protected rights.

58.     As a direct result of Defendant's malice and /or reckless disregard for Plaintiff's rights, Plaintiff is entitled to exemplary and punitive damages in an amount to be determined by a jury commensurate with the financial resources available to Defendant and sufficient to deter others similarly situated from like behavior.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Abbey Goodman prays this Court for judgment against the Defendant as follows:

A.  Plaintiff has been damaged by Defendant's breach of the insurance policy and its bad faith, and requests actual damages in excess of $75,000.

B.  Defendant's actions were intentional, deliberate, willful, and malicious, showing a reckless disregard of the rights of its insured.  As a result, Plaintiff is entitled to punitive damages without any monetary limitations.

C.  For a declaratory judgment that Defendant owes Plaintiff a duty of coverage of the marine insurance policy for the claim that Plaintiff has made under Policy No. Y09177371.

D.  For attorney fees, costs, and accruing interest incurred by Plaintiff in prosecuting this matter.

E.  For such other relief as the Court may deem just and proper.

Respectfully submitted,

**KEESLING LAW GROUP, PLLC**

/s/ David R. Keesling
David R. Keesling, OBA No. 17881
James Kelly, OBA No. 16510
Timothy S. Kittle, OBA No. 21979
401 South Boston Avenue
Mid–Continent Tower, Suite 450
Tulsa, Oklahoma 74103
(918) 924-5101 – Telephone
(918) 512-4888 - Facsimile
David@KLGattorneys.com
James@KLGattorneys.com
Tim@KLGattorneys.com
***Attorneys for Plaintiff:***
***Abbey Goodman***